IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

BARBARA C. WRIGHT,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )   No. 3:04-CV-486
                                  )
JO ANNE B. BARNHART,              )
Commissioner of Social Security,  )
                                  )
        Defendant.                )

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. For the reasons provided herein, defendant's motion for summary judgment [doc. 13] will be denied, and plaintiff's motion for summary judgment [doc. 9] will be granted to the extent it seeks remand pursuant to sentence four of § 405(g).[1]

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.

*Procedural History*

On approximately November 28, 1994, plaintiff experienced an on-the-job back injury that necessitated surgery. [Tr. 222-24, 229-31]. She filed an application for benefits in 1997, alleging a disability onset date of November 28, 1994, due to "back trouble." [Tr. 29, 111]. The 1997 application was denied initially and on reconsideration, and was then abandoned. [Tr. 29, 54].

Plaintiff filed the present benefits application in December 2001 [Tr. 101], again claiming to be disabled by "back injury." [Tr. 175]. She again alleged a disability onset date of November 28, 1994. [Tr. 101]. Plaintiff has not worked since 1994. [Tr. 105]. The parties accordingly agree that plaintiff's date late insured was December 31, 1999. [Tr. 55]. *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (claimant must show that she became disabled on or before her date last insured).

The present application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on June 25, 2003.

On July 18, 2003, the ALJ issued a decision denying benefits. He found that plaintiff had "back pain, high cholesterol, muscle spasms, and acid reflux," which were "severe" impairments but not equivalent, singularly or in concert, to any impairment listed by the Commissioner. [Tr. 31]. The ALJ stated that plaintiff's treating neurosurgeon, Dr.

2

Alan Weems, had "returned the claimant to work at the light restriction level[.]" [Tr. 33]. Citing the opinions of nonexamining state agency physicians, the ALJ concluded that plaintiff was in fact only capable of sedentary work. [Tr. 33]. Vocational expert testimony indicated that a significant number of sedentary jobs existed in the region to accommodate plaintiff's residual functional capacity as hypothesized by the ALJ. [Tr. 34, 64]. Plaintiff was accordingly found "not disabled."

Plaintiff then sought review from the Commissioner's Appeals Council. Review was denied on September 24, 2004. [Tr. 5]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Through her timely complaint, plaintiff has properly brought her case before this court. *See* 42 U.S.C. § 405(g).

II.

*Applicable Legal Standards*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g)*; Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by

3

the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Nonetheless, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 490, 71 S. Ct. 456, 466, 95 L. Ed. 456 (1951).

A claimant is entitled to disability insurance payments under the Social Security Act if she (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A). Disability is evaluated pursuant to a five-step analysis summarized by the Sixth Circuit as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520 (1997)). Plaintiffs bear the burden of proof during the first four steps. *See Walters*, 127 F.3d at 529. The burden shifts to defendant at step five. *See id*.

III.

*Analysis*

The central issue in this appeal is the parties' differing interpretations of the above-mentioned "light work" restriction of plaintiff's treating neurosurgeon. Plaintiff argues that, although Dr. Weems employed the term "light work," his restrictions were in fact below the threshold of "light work" - or even "sedentary work" - as those terms are defined by the Commissioner and the Dictionary of Occupational Titles. Plaintiff thus contends that the ALJ erred in rejecting Dr. Weems' opinion in favor of the opinions of non-examining physicians. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) (Absent sufficient explanation by the ALJ, "the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.") (citation omitted).

Conversely, the Commissioner argues that Dr. Weems' restriction *was* consistent with the definition of light work, and that there was no error in rejecting that opinion in favor of the *less restrictive* opinions of nonexamining sources.

Dr. Weems performed plaintiff's back surgery in December 1994. He has subsequently referred to "her severe history," the "relatively difficult" surgery "for severe massive L1-2 disc herniation," and "the severe nature of her injury." [Tr. 223, 418, 427].

In May 1995, Dr. Weems ordered a functional capacity evaluation ("FCE") (to be performed by plaintiff's physical therapist) "which will enable me to determine whether or not she can return to work and at what level[.]" [Tr. 424]. The FCE was performed the following month, concluding that plaintiff was capable of working "within the light work classification[.]" [Tr. 332-38]. The FCE does not indicate that plaintiff was considered incapable of attending an eight-hour workday.

On July 6, 1995, Dr. Weems stated that

> She has undergone a functional capacity evaluation which recommends light work classification.
>
> I plan to let her return to work. . . . I plan to let her return to work on 7/10/95 with the following restrictions. The first two weeks she is to work only one half day, then progress to full if tolerated. . . . I recommended sitting 20-40 minutes. I recommended standing 1-2 hours only, and walking 1-2 hours only. I recommended essentially light work classification.

[Tr. 423]. Of relevance to this appeal, Dr. Weems (on July 6, 1995) did not fully clarify whether his sitting, standing, and walking restrictions were *per day* or *at a time*.

6

On August 9, 1995, plaintiff told Dr. Weems that her employer would not allow her to return to work under the imposed restrictions. [Tr. 421]. That day, Dr. Weems wrote that plaintiff had likely attained maximum medical improvement. [Tr. 421]. On November 2, 1995, Dr. Weems stated that

> She has previously been evaluated for return to work and was felt to be fit for light work. I recommended that she could return to work on 7/10/95. The first two weeks I recommended that she work only one half day and progress to full day as tolerated. . . . I recommended sitting for 20-40 minutes *per day*. I recommended standing 1-2 hours only and walking 1-2 hours only. I recommended essentially a light work duty classification. . . . I plan to *attempt* to let her return to work again on 11/6/95 with the restrictions previously outlined in July 1995.

[Tr. 419] (emphasis added).

Seemingly unaware of the above-quoted "I recommended sitting for 20-40 minutes *per day*" language, the Commissioner now argues that Dr. Weems' restrictions were not "meant to limit the amount of time Plaintiff performed those functions per eight hour day; rather, Dr. Weems gave those restrictions to limit the amount of time Plaintiff performed those functions at a time." [Doc. 14, p. 13] (emphasis in original). The court cannot agree.

Certainly, Dr. Weems' opinion is, as a whole, less than clear. Some elements of his restrictions, however, are clear. He did not initially consider plaintiff capable of working an eight hour day. Rather, he thought that she could return to full-time work only "if tolerated." Also, at least in respect to sitting, the physician's initial restriction was "per day" as opposed to "at a time."

7

Plaintiff is therefore correct that, although Dr. Weems used the term "essentially light work," his restrictions were below the Commissioner's light or sedentary work requirements due to (at least initially) the inability to complete an eight-hour workday. The ALJ therefore erred by not articulating a valid reason for adopting a residual functional capacity different than that contained in the treating neurosurgeon's restrictions.

Plaintiff's application will be remanded to the Commissioner for further evaluation, as this court cannot award benefits based on the present record. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*

The medical records contain X-rays and MRIs supportive both of plaintiff's subjective complaints and of Dr. Weems' restrictions. [Tr. 431-43]. Conversely, the record also indicates that, during the pertinent time period, plaintiff was frequently noted to be doing well with minimal complaints other than occasional "flare ups," a fact noted by the ALJ. [Tr. 31-32; 403, 406, 408, 410-11, 415-16, 419]. It is therefore not clear that plaintiff was ever under a disability lasting a "continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). Also, other than plaintiff's self report that her former employer would not allow her to return to work, the record contains no indication that she *ever* otherwise

attempted to ease back into working on an initial, part-time basis - even though Dr. Weems clearly though she was capable of doing so. This fact challenges plaintiff's credibility.

In sum, all essential factual issues have not been resolved, and the administrative record, read as a whole, does not adequately establish an entitlement to benefits. *Faucher*, 17 F.3d at 176. This case will therefore be remanded to the Commissioner for further evaluation and/or explanation of the issues raised herein. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan       
United States District Judge